UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, Jr., CDCR #AE-1543,<br><br>   Plaintiff,<br><br>vs.<br><br>SCOTT KERNAN, et al.,<br><br>   Defendants. | Case No.: 3:16-cv-1923-CAB-JMA<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**[ECF No. 5]** |

COLUMBUS ALLEN, Jr., ("Plaintiff"), is currently incarcerated at Calipatria State Prison ("CAL") and is proceeding pro se in this case pursuant to 42 U.S.C. § 1983.

**I.  Procedural Background**

In his original Complaint, Plaintiff claimed more than a dozen CAL and California Department of Corrections and Rehabilitation officials violated his First, Fourth, Eighth, and Fourteenth Amendment rights by requiring he submit to random urinalysis and subjecting him to discipline when he refused. (ECF No. 1 at 4-21.)

On November 3, 2016, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint sua sponte and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 3.) In its 19-page Order, the Court thoroughly reviewed each and

1

every potential constitutional basis for Plaintiff's claims, provided him notice of his pleading deficiencies, and granted him 45 days leave in which to amend them. (*Id.*)

Plaintiff has not submitted an Amended Complaint. Instead, he has filed a "Motion for leave to File a Motion for Reconsideration of Order Dismissing Complaint sua sponte pursuant to Rule 46." (ECF No. 5.)[1]

## II. Plaintiff's Motion

Because Plaintiff is proceeding without counsel, and he claims the "Order to Dismiss is clearly erroneous and contrary to law," (ECF No. 5 at 3), the Court liberally construes his Motion as one seeking reconsideration of the Court's November 3, 2016 Order pursuant to S.D. Cal. CivLR 7.1.i.1.

An order that resolves fewer than all of the claims among the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b); S.D. Cal. CivLR 7.1.i.1 (authorizing applications for reconsideration of "any motion … for any order or other relief [that] has been made to any judge and has been refused in whole or in part…"). Here, the Court did not enter a final order of dismissal when it screened and dismissed Plaintiff's Complaint on November 3, 2016; instead, it afforded him leave to amend. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) ("[W]hen a district court expressly grants leave to amend, it is plain that the order is not final."); *see also Martinez v. Wells Fargo Bank*, No. 12-CV-802-CAB (BGS), 2014 WL 12035852, at *1 (S.D. Cal. Mar. 21, 2014). The Court retains its inherent power, rooted in the common

---

[1] Rule 46 of the Federal Rules of Civil Procedure provides that "[a] formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made." FED. R. CIV. P. 46; *see also Lagmay v. Nobriga*, No. CV 15-00463 LEK/KJM, 2016 WL 2733101, at *1 (D. Haw. May 10, 2016) (construing pro se litigant's Rule 46 Motion as a Motion for Reconsideration of Court's screening Order).

law, to reconsider or modify an interlocutory order for cause. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001); *see also United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000) (where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it.").

However, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kana Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Century Indem. Co. v. The Marine Grp., LLC*, No. 3:08-CV-1375-AC, 2016 WL 96147, at *2 (D. Or. Jan. 7, 2016). Generally, reconsideration is only appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).[2]

In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *United States v. Munguia*, No. 1:08-CR-000228-LJO-1, 2016 WL 1452011, at *1 (E.D. Cal. Apr. 13, 2016). Motions to reconsider are also "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998). Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and

---

[2] "Indeed, courts frequently apply the same standard as that applicable to Rule 59(e) motions." *Fidelitad, Inc. v. Insitu, Inc.*, No. 13-CV-3128-TOR, 2016 WL 4265749, at *4 (E.D. Wash. Aug. 11, 2016) (citing *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (collecting cases)).

1  arguments considered by the court before rendering its original decision fails to carry the
2  moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111,
3  1131 (E.D. Cal. 2001) (citations and internal quotes omitted); *Wood v. Carey*, No. 2:04-
4  CV-1225 MCE AC, 2015 WL 4617773, at *3 (E.D. Cal. July 31, 2015). "While a motion
5  for reconsideration allows a party to bring a material oversight to the court's attention, it
6  is not appropriate for a party to request reconsideration merely to force the court to think
7  about an issue again in the hope that it will come out the other way the second time."
8  *Brown v. S Nev. Adult Mental Health Servs.*, 2014 WL 2807688, at *2 (D. Nev. 2014)
9  (internal quotation omitted); *see also Palmer v. Champion Mortgage*, 465 F.3d 24, 30
10 (1st Cir. 2006).

11      That is what Plaintiff essentially seeks here—he disagrees with the Court's
12 November 3, 2016 conclusion that his Complaint failed to contain facts sufficient to state
13 any plausible constitutional claim upon which relief can be granted, and he claims the
14 Court erred by failing to construe his pleading liberally and afford him the benefit of the
15 doubt. (ECF No. 5 at 2-3). But the Court noted and applied the appropriate standards for
16 determining whether Plaintiff failed to state a claim under both § 1915(e)(2) and § 1915A
17 in its Order. (*See* ECF No. 3 at 4, citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.
18 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). And while the Court
19 agrees it "ha[s] an obligation where the petitioner is pro se, particularly in civil rights
20 cases, to construe the pleadings liberally and to afford the petitioner the benefit of any
21 doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), it "may not supply
22 essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imports
23 (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citations omitted).

24      Thus, because Plaintiff points to no intervening change in the law, material
25 oversight, or any error whatsoever, his Motion for Reconsideration is DENIED.
26 ///
27 ///
28 ///

### III. Conclusion and Order

For the reasons discussed, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 5).

Because the time for amendment has lapsed, the Court sua sponte **GRANTS** Plaintiff an additional **30 days** in which to amend in compliance with the Court's November 3, 2016 Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading, and must comply with S.D. Cal. CivLR 8.2(a). Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within **30 days** from the date of this Order, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: March 9, 2017

Hon. Cathy Ann Bencivengo
United States District Judge