UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| COLUMBUS ALLEN, JR., CDCR # AE-1543, | Case No.: 16cv1923-CAB-JMA |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION [Doc. No. 25]** |
| v. | |
| SCOTT KERNAN, | |
| Defendant. | |

On May 18, 2018, Plaintiff Columbus Allen, Jr. ("Plaintiff"), a state prisoner proceeding *pro se* and *informa pauperis*, filed a motion for reconsideration of this Court's order dismissing his second amended complaint. [Doc. No. 25.] For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Plaintiff filed his original complaint in this case on July 28, 2016, against more than a dozen correctional officers pursuant to 42 U.S.C. §1983. Plaintiff's suit involves his refusal to submit to random urinalysis testing while he was incarcerated at Centinela State Prison on July 28, 2015, and the disciplinary proceedings and appeals that followed. [Doc. No. 1.]

At the time he filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]

On November 3, 2016, the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). [Doc. No. 3.] The Court further granted Plaintiff 45 days in which to file an Amended Complaint that addressed the deficiencies of pleading identified by the Court. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

Plaintiff failed to amend, and instead filed a Motion for Reconsideration. [Doc. No. 5.] On March 9, 2017, the Court denied Plaintiff's Motion, but sua sponte granted him an additional 30 days to file the Amended Complaint required as a result of the Court's November 3, 2016 Order. [Doc. No. 6.] Plaintiff again failed to amend, and requested additional time in which to do so. [Doc. No. 8.] The Court granted that request, and on June 19, 2017, Plaintiff filed his First Amended Complaint ("FAC"). [Doc. Nos. 9, 10.]

On October 10, 2017, the Court screened Plaintiff's FAC and again dismissed it sua sponte and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). [Doc. No. 12.] While the Court denied further leave to amend as to Plaintiff's Fourth, Eighth, and Fourteenth Amendment pleading deficiencies as futile, it granted him leave to amend with respect to "the First Amendment retaliation claims raised for the first time in his FAC against Defendants Montgomery, Rodriguez, Luccy, Ortega, Nava, Chavarria, and Paul." [*Id.* at 19.]

Instead of timely complying with the Court's October 10, 2017 Order, Plaintiff chose to file a Notice of Appeal. [Doc. No. 13]; but the Ninth Circuit dismissed it for lack of jurisdiction on November 14, 2017 [Doc. No. 16]. On November 27, 2017, Plaintiff again requested an extension of time in which to amend. [Doc. No. 18.] On December 5, 2017, the Court once again granted Plaintiff's request [Doc. No. 19], but explicitly cautioned that should Plaintiff's Second Amended Complaint ("SAC") "fail to cure the pleading deficiencies … identified in the Court's October 10, 2017 Order," his entire case would be dismissed "without further leave to amend." [*Id.* at 6.]

On January 22, 2018, Plaintiff filed his SAC. [Doc. No. 21.] While he was granted leave to amend his First Amendment retaliation claims as to Defendants Montgomery, Rodriguez, Luccy, Ortega, Nava, Chavarria, and Paul *only*, see Doc. No. 12 at 19, and expressly warned not to "include any claims previously dismissed without leave to amend or add any new claims or Defendants," *see* Doc. No. 19 at 5, Plaintiff's SAC nevertheless continues to include *all* the Defendants named in his prior pleadings, attempts to raise new claims, and re-asserts previously dismissed Fourth and Fourteenth Amendment claims—despite the Court's previous Order limiting the bases for amendment. [*Id.; see also* Doc. No. 21 at 2, 26-30.]

On April 30, 2018, this Court issued an order dismissing the second amended complaint without leave to amend for failing to state a claim pursuant to 28 U.S.C. §1915(e)(2) and §1915A(b) and for failing to comply with court orders regarding amendment. [Doc. No. 22.]

On May 18, 2018, Plaintiff filed the pending motion for reconsideration. [Doc. No. 25.]

## DISCUSSION

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, "(a) district court has the inherent power to reconsider and modify its

interlocutory orders prior to the entry of judgment …" Posthearing Procedures, *Cal. Prac. Guide Fed. Civ. Pro. Before Trial,* Ch. 12-E, §12:158, *quoting Smith v. Massachusetts*, 543 US 462, 475 (2005). However, reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F3d 877, 890 (9th Cir. 2000)(internal quotes omitted).

Here, Plaintiff has not presented any newly discovered evidence, nor has he shown clear error or an intervening change in the controlling law. Rather, Plaintiff argues that he repled his previously-dismissed claims (where leave to amend was not granted) because he wanted to preserve them for appeal. [Doc. No. 25 at 2.] While this was unnecessary to preserve his appeal, failure to comply with this Court's order was not the only basis for dismissing the SAC. Rather, the remaining claims in the SAC (where leave to amend had been granted), were dismissed for failure to state a claim. Given that this was Plaintiff's second attempt to state such claims, leave to amend was denied as futile. There is nothing in the motion for reconsideration to change that result.

## CONCLUSION

For the reasons set forth above, the motion for reconsideration is **DENIED**.

Dated: May 21, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge